OF THE

## STATE OF NEW JERSEY

JUNE TERM, 1914.

---

BLANCHARD BROTHERS, INCORPORATED, APPELLANT, v. JOSEPHINE A. BEVERIDGE, &c., RESPONDENTS.

Submitted July 3, 1914—Decided November 16, 1914.

1. Where a record brought up from a trial court to an appellate tribunal fails to show any legal question presented to the court below there is nothing to be reviewed.
2. When a cause is submitted to a trial court on an agreed state of facts it is incumbent upon the parties to request the court to make a finding or findings of law or fact, or law and fact, and to except or object to an adverse finding, when made, in order to lay the foundation for a review on appeal.

---

On appeal from the Supreme Court, whose opinion is reported in 85 *N. J. L.* 532.

For the appellant, *Theodore McC. Marsh.*

For the respondents, *Robert H. Cunningham.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   The plaintiff, a corporation, received an order for certain lead pencils signed on behalf of the defendants, copartners, by an employe who had no authority to give it.   Plaintiff relied upon ratification by a letter written by one of the partners stating that the contract was made and signed by their manager without consulting either of them, but of course that did not alter the fact that they found themselves bound.

The case was tried on a stipulation of facts, and one of the facts stipulated was that at the time the partner wrote the letter mentioned she had never seen the original contract or a copy and believed it had been entered into and executed by the manager, who had been discharged previous to its date. The judge of the District Court gave judgment for the plaintiff, and that judgment was reversed by the Supreme Court upon the ground that there was no evidence to support the trial court's finding.

The appellant, plaintiff below, contends that as the state of the case presented to the Supreme Court showed no objection to evidence, no request for any finding, and no objection to the finding of the trial court, there was nothing for that court to review.   This is correct.

This court, in *Simmons Pipe Bending Works* v. *Seymour,* 80 *N. J. L.* 465, upon the authority of an earlier case in the Supreme Court, held—

"The state of the case fails to show that any legal question was presented to the trial court.   There is no objection to evidence, no request to find, and no exception to the actual finding.   There is, therefore, no determination of the District Court in point of law or upon the admission or rejection of evidence for us to review.   *O'Donnell* v. *Weiler,* 72 *N. J. L.* 142."

As the cause at bar was submitted to the trial court on an agreed state of facts, it may be that objections could not well have been made upon the trial—for want of a trial, so to speak—but it was certainly incumbent upon counsel to re-

quest the court to make a finding or findings of law or fact, or law and fact, and to except or object to an adverse finding, when made, in order to lay the foundation for a review on appeal. This not having been done, there was no record before the Supreme Court upon which it could reverse the judgment of the District Court; and, therefore, the Supreme Court's judgment must be reversed, to the end that the District Court's judgment shall be allowed to stand.

*For affirmance*—WILLIAMS, J.  1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, JJ.  10.